K&L GATES LLP
One Newark Center, Tenth Floor
Newark, NJ 07102
(973) 848-4000
Attorneys for Plaintiff World
Wrestling Entertainment, Inc.

*This matter is hereby unsealed. /s/ [Judge signature] U.S.D.J. 4/16/13*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Filed Under Seal**

| | |
|---|---|
| WORLD WRESTLING ENTERTAINMENT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> HERBERT REID, BYRON DOUGLAS, VICTOR WILLIAM PRITCHARD, SCOTT DREGER, WILLIAM S. BROWN, KENNETH ASAL, JOHN AND JANE DOES 1-100, and XYZ CORPORATIONS 1-100, <br><br> Defendants. | Civil Action No.: 13-cv-1918 <br><br> **PRELIMINARY INJUNCTION AND ORDER FOR SEIZURE OF COUNTERFEIT GOODS** |

Plaintiff World Wrestling Entertainment, Inc. ("WWE") having brought this matter before the Court by Order to Show Cause for an injunction enjoining and restraining the defendants, and those acting in concert with them, from manufacturing, selling and/or distributing merchandise that bear any mark, word, or name identical or confusingly similar to any of the WWE trademarks and service marks set forth in Exhibits 1 and 2 hereto or the names or likenesses of any of WWE's current wrestlers (collectively, the "WWE Marks"), and service of the summons and complaint having been effected upon the defendants; and WWE's application for a preliminary injunction and order of seizure having come for a hearing before the Honorable Stanley R. Chesler, United States District Judge, on April 16, 2013 at 1:00 p.m. at

the United States District Court for the District of New Jersey, 50 Walnut Street, Newark, New Jersey 07101 in Courtroom 2, and defendants having been notified of said hearing, and WWE having appeared by its counsel, and there having been no other appearances,

**WHEREAS**, on presentation and consideration of Plaintiff's Verified Complaint, the accompanying supporting Declarations of Christopher A. Barbarisi, Esq, Richard S. Hering and Lauren Dienes-Middlen, each with exhibits thereto, the memorandum of law, the Amended Complaint, Supplemental Declaration of Lauren Dienes-Middlen and all other pleadings and proceedings presented to the Court, the Court finds as follows.

1. WWE is the exclusive owner of the "WWE Marks. WWE has the exclusive right to use and license others to use the WWE Marks on goods and to use the WWE Marks in connection with rendering services. WWE also is the exclusive owner of all right, title and interest in the names, likenesses and rights of publicity for its current wrestlers. The WWE Marks are distinctive and are widely recognized by the public. Goods that bear any mark, word, or name identical or confusingly similar to any of the WWE Marks or the names or likenesses of any of WWE's current wrestlers shall be known herein as the "Enjoined Goods." All of the WWE Marks listed in Exhibit 1 are federally registered.

2. Defendants, who are not licensed or authorized by WWE to use the WWE Marks, and those acting in concert or participation with them, were and will be present on the premises or within a three-mile radius of the venues where WWE's live events shall be occurring beginning on April 4, 2013 and ending March 31, 2014, including, but not limited to, the IZOD Center and MetLife Stadium, which are the locations in East Rutherford, New Jersey where WWE's Wrestlemania® XXIX

Weekend Events shall be occurring from April 4 to April 8, 2013, for the purpose of manufacturing, distributing, offering for sale, and selling Enjoined Goods. It appears to this Court that Defendants, and those acting in concert or participation with them, will continue to infringe the WWE Marks and to commit unfair competition against WWE by manufacturing, distributing, offering for sale and selling Enjoined Goods, on the premises or within a three-mile radius of halls, arenas, stadiums, or other venues where WWE live events shall occur, including those events listed on the schedule set forth in Exhibit 3 hereto.

3. The Enjoined Goods and other materials subject to this Order were located on the premises or within a three-mile radius of the venues where WWE's Wrestlemania® XXIX Weekend Events occurred in the East Rutherford, New Jersey area from April 4 to April 8, 2013, including, but not limited to, the IZOD Center and MetLife Stadium, as well as on the premises or within a three-mile radius of halls, arenas, stadiums, or other venues where WWE events shall be occurring during the nationwide series of live events, including as indicated in Exhibit 3 hereto.

4. The Enjoined Goods are goods bearing "counterfeit marks" within the meaning of 15 U.S.C. § 1116(d). The distribution, sale or offering the sale of the Enjoined Goods would cause confusion or mistake or be likely to deceive and would constitute trademark infringement under 15 U.S.C. § 1114 and would constitute false designation of origin under 15 U.S.C. § 1125(a).

5. Copies of the Court's March 27, 2013 Order to Show Cause, and the Summons and Verified Complaint have been served upon the defendants, and Enjoined Goods have been obtained from the Defendants.

**NOW, THEREFORE, IT IS HEREBY ORDERED,**

1.  Defendants, including the John and Jane Does, and XYZ Corporations not yet identified, along with their partners, associates, agents, servants, employees, representatives, and assigns, and all others under their control or in active concert or participation with them, and all other persons and entities having actual knowledge hereof be, and the same hereby are, ENJOINED and RESTRAINED from:

    (a) manufacturing, assembling, selling, offering for sale, holding for sale, distributing, or offering to distribute any Enjoined Goods which have not been authorized by Plaintiff and which bear any of the trademarks and service marks of Plaintiff, including but not limited to those set forth in Exhibits 1 and 2 hereto, or any marks confusingly similar thereto, including, but not limited to, WORLD WRESTLING ENTERTAINMENT®, WWE®, WRESTLEMANIA®, and the WWE® logo.

    (b) representing by any method whatsoever that the Enjoined Goods were sponsored, manufactured, sold or licensed by WWE and otherwise taking any action likely to cause confusion, mistake or deception on the part of the public as to the origin of the Enjoined Goods.

2.  Any federal, state, or local law enforcement officer, and/or Plaintiff, and/or Plaintiff's duly authorized trademark enforcement team including any employees or independent contractors retained thereby, and/or all persons acting under the supervision and control thereof (collectively "Enforcement Officials") are hereby authorized and directed to seize and maintain in their custody and control any and all Enjoined Goods and counterfeit marks, and the means of making them, and records documenting the manufacture, sale or receipt of things relating thereto, in the possession, dominion or control of Defendants, their agents or persons acting in concert or participation with them, including all such Enjoined Goods and counterfeit marks located in or on any containers, vessels, or motor vehicles. All seized items shall be

delivered up to the care and custody of Plaintiff or Plaintiff's attorneys. The seized goods shall be kept in identifiable containers. If the Defendants from whom such merchandise is seized do not move for relief in accordance with this Order within thirty (30) days of said seizure, said merchandise shall be delivered up to Plaintiff for destruction or other disposition.

    3.    No Enforcement Official may enter into and upon, nor if necessary, temporarily detain, any such containers, vessels, or motor vehicles unless he or she does so in the presence of and under the supervision of a federal, state or local law enforcement officer.

    4.    The Enforcement Officials acting hereunder are authorized to carry out the foregoing on the premises or within a three-mile radius of the halls, arenas, stadiums or other venues where a WWE live event occurs during the duration of this Order, including but not limited to, from twenty-four (24) hours before any such event begins to twenty-four (24) hours following the completion of said event.

    5.    Defendants shall cooperate with the Enforcement Officials executing such seizure hereunder, shall provide the items sought to be seized wherever such items are maintained and shall provide their correct names, residential and business addresses and telephone numbers.

**IT IS FURTHER ORDERED** that simultaneously with any seizure made pursuant to this Order, or as soon thereafter as is practical under the circumstances, each Defendant shall be served with a copy of this Order together with the Amended Complaint in this action, by the United States Marshal, state or local police, local deputy sheriffs, or by any person over the age of 18 years who is not a party to this action; and

**IT IS FURTHER ORDERED** that any Defendant who is hereafter served with a copy of this Order and objects to the provisions hereof may submit his or her objections to the Court or otherwise move for relief from the Court according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court; and

**IT IS FURTHER ORDERED** that the Injunction Bond posted by WWE on April 1, 2013 in the amount of $10,000 shall remain in full force and effect throughout the duration of this Order; and

**IT IS FURTHER ORDERED** that this Order shall expire twenty-four (24) hours after the March 31, 2014 WWE Live Event listed on Exhibit 3 hereto; and

**IT IS FURTHER ORDERED** that within one month of the expiration of this Order, WWE shall file any necessary motions and/or request for a Final Hearing in this Action.

Dated: April __, 2013

_____
Honorable Stanley R. Chesler, U.S.D.J.